IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANSUR AMERICA INSURANCE COMPANY, | ) )  ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| JAMES A. BORLAND AND JOHNSTON, HENDERSON & PRETORIOUS CHTD., | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 3:21-CV-00059-SMY-MAB

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motion to Quash filed by non-party Clawfoot Supply LLC d/b/a Signature Hardware ("Signature Hardware") (Doc. 76). The motion was referred to the undersigned for disposition (Doc. 83). For the reasons explained below the motion is denied.

### BACKGROUND

In October 2016, a personal injury lawsuit was initiated against Signature Hardware related to its sale of an allegedly defective shower stool that injured a customer (Doc. 1, p. 3). Signature Hardware tendered the claim to its insurer, Ansur America Insurance Company ("Ansur"), and Ansur agreed to defend against the claim (*Id.* at p. 4). Ansur retained James Borland ("Borland") of Quinn, Johnston, Henderson & Pretorious ("QJHP") as defense counsel (*Id.*).

During the personal injury lawsuit, the plaintiffs deposed eleven current and

former Signature Hardware employees (Doc. 80, p. 2). The plaintiffs in the personal injury lawsuit cited the deposition testimony to successfully move for summary judgment on liability (*Id.*). The cited testimony related to whether the shower stool was used as intended, did not function as expected, and was unsafe (*Id.*). The motion for summary judgment also cited deposition testimony that Signature Hardware was aware of prior issues with the product (*Id.*).

Ansur alleges Borland's representation was woefully deficient, which forced Ansur to settle for the policy limits (Doc. 1, p. 19). On January 15, 2021, Ansur filed the present action against Borland and QJHP for equitable subrogation (Count I), professional negligence (Count II), and negligent misrepresentation (Count III) (*Id.* at p. 24-26). Signature Hardware is not a party to this suit.

On or about January 12, 2022, Borland and QJHP personally served subpoenas for depositions on the eleven current or former Signature Hardware employees who were deposed in the personal injury lawsuit (Doc. 80, p. 3). The deposition subpoenas set a tentative deposition date of March 1, 2022 (Doc. 80-9). On January 24, 2022, Signature Hardware's assistant general counsel, Naomh Hudson, emailed Borland and QJHP's counsel, Margaret Redshaw, to acknowledge the deposition subpoenas (Doc. 80, p. 4) (Doc. 80-3, p. 5). Also, Ms. Hudson instructed Ms. Redshaw to correspond with her directly, rather than the subpoenaed individuals (*Id.*). On January 27, 2022, Ms. Hudson emailed Ms. Redshaw that her paralegal continued to reach out to Signature Hardware employees (Doc. 80-3, p. 3). Again, Ms. Hudson instructed that all correspondence be directed to Ms. Hudson (*Id.*). On January 28, 2022, Ms. Hudson and Ms. Redshaw

conferred via telephone and Ms. Redshaw stated she intended to retain a process server to serve Signature Hardware with a subpoena for tangible objects (Doc. 80-4, ¶¶5 & 7). During the call, Ms. Hudson agreed to accept email service of the subpoena (*Id.*). Accordingly, on January 28, 2022, Borland and QJHP emailed Signature Hardware a subpoena for tangible objects (Doc. 80-5). The subpoena requests (1) the shower stool at issue in the personal injury lawsuit; (2) an unopened shower stool, with reimbursement for the cost; and (3) another shower stool that a Signature Hardware employee snapped (Doc. 78-6). Compliance with the subpoena for tangible objects was due on February 25, 2022 (*Id.*).

On February 28, 2022, Ms. Redshaw's secretary emailed Ms. Hudson to discuss the scheduling of depositions, but Ms. Hudson did not respond (Doc. 80-7 p. 1,). Instead, on February 28, 2022, Attorney Angela Kennedy of Armstrong Teasdale emailed Ms. Redshaw to discuss the subpoenas and the attorneys conferred via telephone (Doc. 80-8, p. 4) (Doc. 80-4, ¶11). During the call, Ms. Kennedy stated that Signature Hardware was in possession of the stool purchased by the personal injury plaintiff but that the settlement agreement required all parties to agree to its production (Doc. 80-4, ¶11). Ms. Kennedy stated she would coordinate production with the parties bound to the settlement agreement and Signature Hardware would search for the snapped stool and an unopened stool (*Id.*). Also, Ms. Kennedy informed Ms. Redshaw that Signature Hardware would not agree to produce the employees for their depositions (*Id.*). On March 3, 2022, Ms. Redshaw emailed Ms. Kennedy to discuss Signature Hardware's objections to the deposition subpoenas (Doc. 80-8, p. 3). On March 7, 2022, Ms. Kennedy responded that

she was conferring with her client and would follow up (*Id.* at p. 2). On March 16, 2022, Ms. Redshaw sent a follow up email to Ms. Kennedy (*Id.*). On March 17, 2022, Signature Hardware filed a motion to quash the subpoenas (Doc. 76).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45(a) permits a party to issue a subpoena to command a non-party to testify at a deposition or produce tangible objects. The court may quash a subpoena on a "timely" Rule 45 motion if the subpoena fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45; requires disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(iv). "The party seeking to quash the subpoena bears the burden of demonstrating that it falls within one of the Rule 45 categories." *TCYK, LLC v. Does 1-44,* 2014 WL 656786, at *3 (N.D. Ill. Feb. 20, 2014).

When determining whether the recipient of a subpoena is being subjected to an undue burden, courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery, the subpoenaing party's need for the discovery, the breadth of the request, and the burden imposed on the subpoenaed party. *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013). Courts take special note of the unwanted burdens of litigation thrust upon non-parties subjected to subpoenas. *Id.* While parties must accept the burdens of litigation, non-parties have different expectations. *Id.* Thus, non-party status "is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Id.*

## DISCUSSION

Signature Hardware argues the subpoena for tangible objects must be quashed because it was sent via email and not served in accordance with Federal Rule 45. Signature Hardware argues the deposition subpoenas must be quashed because they are unduly burdensome. In response, Borland and QJHP say that Signature Hardware's motion to quash is untimely, Signature Hardware agreed to accept service of the subpoena for tangible objects via email, and the deposition subpoenas are not unduly burdensome.

### I.     Subpoena for Tangible Objects

Rule 45(b) sets out the service requirements for subpoenas and provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Rule 45 does not necessarily suggest that in-hand, personal services is required to effectuate "delivery," *Doe v. Purdue Univ.*, 2021 WL 84531, at *4 (N.D. Ind. Jan. 11, 2021); *see Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (permitting service of subpoena via certified mail).

Here, Signature Hardware's counsel agreed to accept the subpoena for tangible objects via email. Accordingly, Borland and QJHP emailed the subpoena to Signature Hardware's counsel on January 28, 2022. A month later, on February 28, 2022, Signature Hardware's counsel told Borland and QJHP's counsel that she would coordinate the production of the requested objects. However, Signature Hardware waited to raise an objection to the service of the subpoena until filing this motion to quash on March 17, 2022.

By agreeing to accept service of the subpoena via email and agreeing to coordinate compliance, Signature Hardware has waived any objection to service. *See Rosales v. The Placers, Ltd.*, 2011 WL 846082, at *2 (N.D. Ill. March 8, 2011) (refusing to quash a non-party subpoena on the grounds that it required compliance beyond a 100-mile radius, where the non-party's attorney agreed to accept service of the subpoena without raising any objection to the 100-mile limitation); *Atlantic Inv. Mgmt., LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395 (N.D. Ill. 2002) (refusing to quash a subpoena on grounds that it was unsigned by the issuing attorney where the subpoenaed party did not object to the deficiency and stated the subpoena was accepted); *see also In re Szanto*, 2019 WL 1877226, at *2 (S.D. Ind. Apr. 26, 2019) (finding Rule 45(d)(3) does not provide that a subpoena can be quashed based on improper service and the court was satisfied that the subpoena was served "via United States Mail and via email").

Further, it is apparent that Signature Hardware received the subpoena by February 28, 2022, at the very latest, when its counsel agreed to arrange for compliance with the subpoena. "The fundamental purpose of properly serving a subpoena is to make certain that the recipient receives it." *Doe*, 2021 WL 84531, at *4 (internal citations, quotations, and alterations omitted). Signature Hardware would have the Court elevate formality of the procedure for service over its *actual* receipt of the subpoena. The Court declines to do so.

Also, by the time Signature Hardware agreed to accept the subpoena via email, it had already initiated discussions with Borland and QJHP concerning the deposition subpoenas and expressly directed Borland and QJHP to communicate with Signature

Hardware's counsel instead of Signature Hardware employees. Ultimately, emailing the subpoena for tangible objects was a "sensible option" for service and the Court will not "inflate the costs of litigation" by requiring Borland and QJHP to reserve the subpoena. *Ott*, 682 F.3d 552 at 557. Signature Hardware's motion to quash the subpoena for tangible objects is denied.

## II. Deposition Subpoenas

Rule 45 permits the court to quash a subpoena on a "timely" motion but does not define "timely." Some courts within the Seventh Circuit require that a motion to quash be filed within 14 days of service of the subpoena; some courts require a motion to quash be filed before the time for compliance with the subpoena; and some courts have determined a court has discretion to decide whether a motion to quash should be considered if the parties' conduct indicates the time for compliance has not yet lapsed. *See Castelino v. Rose-Hulman Institute of Technology*, 2018 WL 3721391, at *2 (S.D. Ind. Aug. 6, 2018) (and cases cited therein). Here, Borland and QJHP served the eleven deposition subpoenas on January 14, 15, 21, and 31, 2022. The depositions were tentatively set for March 1, 2022. Signature Hardware did not file its motion to quash until March 17, 2022, which was after the stated time for compliance and 14 days after service of the subpoenas.

But even if Signature Hardware's motion to quash is timely, the deposition subpoenas do not strike the Court as imposing an undue burden on the non-party recipients. While the subpoenaed individuals are located in Kentucky, Indiana, and Ohio, Borland and QJHP will either take the depositions remotely or in Kentucky and will last

no longer than three hours.[1] Although the depositions will require time out of the individuals' days, "[t]he standard burdens inherent to every deposition cannot themselves be the kind of *undue* burden that warrants quashing of a deposition subpoena." *Jakes v. Boudreau*, 2021 WL 7543868, at *2 (N.D. Ill. Dec. 2, 2021) (emphasis in original). Further, the testimony of the subpoenaed individuals is relevant to Borland and QJHP's defense. The subpoenaed individuals were deposed in the personal injury lawsuit and the plaintiffs there relied on the testimony to successfully obtain summary judgment on liability. Borland and QJHP say they need to depose the individuals in this case to address matters not raised in the previous depositions. Thus, while Signature Hardware argues Borland and QJHP can rely on transcripts of the previous depositions, those transcripts do not contain the additional information Borland and QJHP seek to explore.

The federal rules provide a broad scope of discovery and permit a party to seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). The discovery sought by Borland and QJHP falls within the scope of discovery, is not "unreasonably cumulative or duplicative," and cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" FED. R. CIV. P. 26(b)(2)(c). Signature Hardware's status as a non-party does not outweigh Borland and QJHP's need for the

---

[1] In the event Borland and QJHP's counsel proceed with the depositions in person, the Court directs counsel to make every effort to minimize the amount of travel time on the non-party deponents to and from the deposition.

discovery, which is not overly broad or unduly burdensome. Accordingly, the motion to quash the deposition subpoenas is denied.

## CONCLUSION

For the reasons explained above, the motion to quash (Doc. 76) filed by non-party Signature Hardware is **DENIED**. Signature Hardware **SHALL** comply with the subpoenas within 45 days.

IT IS SO ORDERED.

DATED: May 20, 2022

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
