IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANSUR AMERICA INSURANCE COMPANY, a Michigan Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-cv-59-SMY ) |
| JAMES A. BORLAND and QUINN, JOHNSTON, HENDERSON & PRETOROUS CHTD., an Illinois corporation. | ) ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff claims Defendants committed legal malpractice in defending a product liability lawsuit by failing to adequately investigate the claims, failing to assert necessary third-party claims, failing to conduct necessary discovery, and failing to retain necessary experts. Defendants have moved for partial summary judgment on the issue of damages (Doc. 41). Plaintiff opposes the motion (Doc. 55). For the following reasons, Defendants' Motion for Partial Summary Judgment is **GRANTED**.

## Factual Background

The following relevant facts are undisputed unless otherwise noted: Plaintiff Ansur America Insurance Company provided insurance coverage to Clawfoot Supply, LLC (d/b/a Signature Hardware) ("Signature") (Doc. 1 at ¶1). Ansur retained Defendants James A. Borland and Quinn, Johnston, Henderson & Pretorous CHTD to defend Signature in a products liability action filed in St. Clair County, Illinois ("the underlying case"). The plaintiff in the underlying

case alleged that on May 31, 2016, she fell from a shower stool that she had purchased from Signature and sustained injuries. (*Id.* at ¶13). She also alleged that the incident occurred less than two months after Signature employees had documented suspicion of a design flaw. (*Id.*).

In depositions conducted in the underlying case, Signature employees admitted that they received prior notice of failed shower stools, that they recognized the stools could pose a safety risk to customers, and that they recognized that someone could get hurt. (*Id.* at ¶¶36-37). Based upon this testimony, the plaintiff amended her Complaint to allege that Signature was strictly liable for her injuries because it knew the shower stool was in a dangerous condition when it left Signature's possession. (*Id.* at ¶41). The plaintiff then moved for summary judgment on the grounds that Signature had actual knowledge of the defect. (*Id.* at ¶51). The trial court entered partial summary judgment in favor of the plaintiff. (*Id.* at ¶56).

The plaintiff in the underlying case then filed a Second Amended Complaint, adding a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and a loss of consortium claim. (*Id.* at ¶¶57-59). She also sought leave to seek punitive damages on the basis that the shower stool failure was the fourth failure in fewer than four months and Signature had knowledge of the prior three. (*Id.* at ¶62). The trial court granted the plaintiff's request for seek punitive damages. (*Id.* at ¶65). The claims against Signature were ultimately settled for payment of the policy limits. (Id. at ¶¶120, 121). Ansur paid a portion of the settlement amount, and Ansur's reinsurers paid the remaining amounts (Doc. 41-3 at pp. 4, 5).

## **DISCUSSION**

Summary judgment is proper only if the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); s*ee also Ruffin-Thompkins v.*

*Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Any doubt as to the existence of a genuine issue must be resolved against the moving party. *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).

Ansur alleges that it was forced to settle for its policy limits because Defendants mounted no defense and had no witnesses to call at trial. It seeks damages in this case related to both the payment of settlement proceeds to the plaintiff in the underlying case and damages in the form of increased insurance premiums with reinsurers. Defendants argue that under Illinois law, a legal malpractice plaintiff may not recover for damages paid by collateral sources such as insurance and therefore, they are entitled to partial summary judgment with respect to the damages that Ansur's reinsurers actually paid. Ansur contends that reinsurance treaties require it to seek the entire amount of damages against Defendants and to use any recovery to make the reinsurers whole.

Injuries to be compensated "from a legal malpractice suit are not personal injuries, but are pecuniary injuries to intangible property interests." *Id. citing Eastman v. Messner*, 188 Ill.2d 404, 411 (1999). A legal malpractice action places a plaintiff in the same position he or she would have occupied but for the attorney's negligence. *Id. citing Bloome v. Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C.*, 279 Ill. App. 3d 469, 478 (1996). As such, a plaintiff can be put in no better position than if the plaintiff had been successful in the underlying action. *Id.* In other words, a legal malpractice plaintiff is entitled to recover the net amount paid by the plaintiff in the underlying action. *Id. citing Eastman*, 188 Ill.2d at 413; *see also TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, P.C.*, No. 00 C 2737, 2005 WL 818405, at *6 (N.D. Ill. Apr., 6, 2005), aff'd, 444 F.3d 587 (7th Cir. 2006) (TIG could not take advantage of the collateral source rule in regards to its legal malpractice action because it was reinsured 50% by one entity and 50% by another entity); *see also USF Holland, Inc. v. Radogno, Cameli, & Hoag, P.C.*, 2014 IL App (1st) 131727

¶95 (if pressed on the issue of damages, the 1st District would have likely affirmed the trial court's conclusion that the $3.65 million in settlement proceeds funded by USF's insurer would not be recoverable in the legal malpractice context).

If an insurer-subrogee has paid part of a loss, "both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest." *State Sec. Ins. Co. v. Frank B. Hall & Co.*, 109 F.R.D. 95, 97-98 (N.D. Ill. 1985); *see also Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*, 107 F.R.D. 357, 358 (N.D. Ill. 1985) (both the insured and the insurer were real parties in interest). Relatedly, under Federal Rules of Civil Procedure 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Further, Section 2-403(c) of the Illinois Code of Civil Procedure provides, "Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee." 735 ILCS 5/2-403(c) (West 2012).

Ansur's Complaint does not reference its reinsurers and their subrogation interest related to the legal malpractice claim. Rather, pursuant to the Complaint, Ansur seeks to recover the totality of actual and compensatory damages arising from the alleged legal malpractice. While Ansur asserts that its contracts with its reinsurers obligate it to reimburse the reinsurers who contributed to the settlement in the underlying case, *F.R.C.P.* 17(a) and Illinois Code of Civil Procedure Section 2-403(c) require that the reinsurers be identified as real parties in interest and either named as plaintiffs or be named as Ansur "for the use of" said reinsurers. Ansur cannot, in its name alone, recover the alleged damages paid by its reinsurers – it may only recover the net amount it paid in the underlying action.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Doc. 41) is **GRANTED**.  The Court finds as a matter of law that Ansur is not entitled to recover as damages the amount its reinsurers paid for in settlement in the underlying case.  This matter will proceed to trial on the underlying legal malpractice claim and Ansur's claims for its direct damages.  The Clerk of Court is **DIRECTED** to enter judgment as to the remaining claims at the close of this case.

**IT IS SO ORDERED.**

**DATED:  September 26, 2022**

**STACI M. YANDLE**
**United States District Judge**