## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANSUR AMERICA INSURANCE COMPANY,** a Michigan Corporation, | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Case No. 3:21-CV-59-SMY-MAB** |
| **vs.** | ) ) | |
| **JAMES A. BORLAND and QUINN, JOHNSTON, HENDERSON & PRETORIOUS, CHTD.,** an Illinois corporation, | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case is before the Court for an *in camera* review of eight documents submitted to the Court by Plaintiff.[1] After reviewing the documents and objections, the Court provides its rulings below. Plaintiff shall produce documents consistent with the Court's rulings below to Defendants within seven days of the issuance of this Order.

In reaching these rulings, the Court has relied upon the findings and conclusions laid out in the Court's Order granting in part and denying in part Defendants' motion to compel (*See* Doc. 137). Additionally, the Court reiterates that, "[u]nder Illinois law, privileged communications lose their privileged status if disseminated to persons not in the control group." *AU Elecs., Inc. v. Harleysville Grp., Inc.*, No. 13 C 5947, 2014 WL 2429104, at *2 (N.D. Ill. May 28, 2014). Moreover, communications merely discussing

---

[1] This matter was referred to the undersigned for resolution of Defendants' motion to compel (Doc. 97).

scheduling matters do not relate to legal advice and are not privileged. *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp. 3d 889, 894 (N.D. Ill. 2018) (Communications regarding scheduling "do not seek or disclose legal advice and thus, are not protected by the attorney-client privilege."). "Furthermore, it is the party *claiming* a privilege that carries the burden of presenting facts that give rise to the privilege." *Janousek v. Slotky*, 980 N.E.2d 641, 650 (Ill. App. 2012) (emphasis in original).

**Privilege Log Nos. 220 & 323[2]:**
Plaintiff's objections to producing these communications are **SUSTAINED**.

**Privilege Log Nos. 289 & 556:**
Plaintiff's objections to producing these communications are **SUSTAINED**.

**Priv. Log. No. 677:**
Plaintiff's objections to producing these communications are **OVERRULED** because the emails in question were forwarded to individuals outside of the control group (Aaron Weycker) (*see* Doc. 137 at p. 9).

**Priv. Log. No. 681:**
Plaintiff's objections to producing these communications are **OVERRULED in part**. Plaintiff must produce the email sent on June 3, 2019, at 11:16 a.m., as it was sent to an individual outside of the control group (Craig Hebert) (*see* Doc. 137 at p. 11-12). Plaintiff must also produce the emails sent on June 4, 2019, at 8:33 a.m., 8:43 a.m., and 8:58 a.m., as they involve scheduling and do not relate to legal advice. Plaintiff may, however, **REDACT** the remaining communications in No. 681.

**Priv. Log. No. 687:**
Plaintiff's objections to producing these communications are **OVERRULED in part**. Plaintiff may **REDACT** the email sent November 4, 2019, at 8:44 a.m. However, Plaintiff must produce all other emails from No. 687 as they were either communicated to individuals outside of the control group or do not relate to legal advice.

**Priv. Log. No. 690:**
Plaintiff's objections to producing these communications are **OVERRULED** because any arguably privileged emails in No. 690 were forwarded to individuals found

---

[2] Priv. Log. No. 323 is duplicative of Priv. Log. No. 220. Additionally, Priv. Log. No. 556 is duplicative of Priv. Log. No. 289.

to be outside of the control group (Aaron Weycker & Craig Hebert) or that Plaintiff has not demonstrated were part of the control group (John Lang), or do not relate to legal advice.

## <u>CONCLUSION</u>

Plaintiff shall produce documents consistent with the Court's rulings to Defendants within seven days of the issuance of this Order - on or before **December 22, 2023** .

**IT IS SO ORDERED.**

**DATED:  December 15, 2023**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**