IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANSUR AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 21-CV-59-SMY ) ) |
| JAMES A. BORLAND et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Plaintiff's Revised Motion to File Materials under Seal (Doc. 164). Plaintiff filed suit against Defendants alleging legal malpractice. Defendants have filed a Motion for Summary Judgment (Docs. 142, 143). Plaintiff seeks leave to file its response in opposition to the motion under seal with unredacted versions of all exhibits, or in the alternative, to file its response on the public docket, attaching redacted versions of all exhibits, with the exception of Exhibits 6 and 36 (Doc. 164).

Federal Rule of Civil Procedure 26 allows filing under seal for "good cause." "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizen's First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943,945 (7th Cir. 1999). Therefore, a judge is "duty-bound" to review any request to seal the record. *Id.*

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or

1

underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Submitting redacted but unsealed versions of documents is oftentimes a "reasonable solution." *Citizen's First Nat. Bank of Princeton*, 178 F.3d at 945.

Here, Plaintiff's asserts that "the confidential information at issue does not underpin the decision in this matter." (Doc. 164, p. 2). And it concedes that the settlement figures and personal medical information of the underlying plaintiff can be protected by redacting the same from the various exhibits. That being the case, there is no reason to file sealed unredacted versions of the same exhibits. Plaintiff contends however that Exhibits 6 and 36 should be filed under seal separately.

Plaintiff asserts that Exhibit 6 "contains descriptions and personal identifying information of the other customers who purchased the at-issue stool, which is irrelevant to the subjects at issue in the response brief" and that Exhibit 36 "describes in detail the underlying plaintiff's medical history, previous surgeries, and the injuries she claimed resulted from the at-issue stool." (Doc. 164, p. 3). Plaintiff further asserts that redacting the medical information would result in "almost none of the document being public after redactions." *Id.*

Plaintiff acknowledges that Exhibit 6 contains descriptions and personal identifying information of other customers that is **irrelevant** to the matters at issue in the response brief. As such, the irrelevant information can be redacted prior to filing. Regarding Exhibit 36, Plaintiff states that the underlying plaintiff's medical history does not underpin the decision of this court.

While the Court wonders why it is necessary to attach the records at all, at the very least, the irrelevant medical records or information can be redacted – even if it ultimately results in "almost none of the document being public after redactions."

Plaintiff's Revised Motion for Leave to File Materials Under Seal (Doc. 164) is **DENIED**. The Clerk of Court shall **STRIKE** Plaintiff's Sealed Response (Doc. 166) and Plaintiff's Response (Doc. 165). Plaintiff is granted leave to re-file its Response to the Defendants' Motion for Summary Judgment with redacted exhibits consistent with this Order by February 1, 2024.

**IT IS SO ORDERED.**

DATED:  January 30, 2024

**STACI M. YANDLE**
**United States District Judge**