IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANSUR AMERICA INSURANCE COMPANY, a Michigan corporation,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) Case No. 21-CV-59-SMY |
| vs. | )<br>) |
| **JAMES A. BORLAND and QUINN, JOHNSTON, HENDERSON & PRETORIOUS, CHTD., an Illinois corporation,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff filed this malpractice action against Jim Borland and his law firm, Quinn Johnston, Henderson & Pretorious, Chtd (Doc. 1). Defendants filed a motion for partial summary judgment to limit Plaintiff's damages to only those amounts paid by Plaintiff without reimbursement from the Reinsurers (Doc. 41). On September 26, 2022, this Court granted Defendants' motion for partial summary judgment (Doc. 88).

Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 102). Defendants responded in opposition (Doc. 104). Plaintiff's reply in support of its Motion for Reconsideration will not be considered and will be stricken (Doc. 108).[1] For the following reasons, the Court **DENIES** the Motion for Reconsideration.

---

[1] Judge Staci M. Yandle's Case Management Procedures provides that a motion for leave to file a reply shall be filed before any reply brief is filed. Any reply brief filed in violation of these requirements shall be stricken and will not be considered.

**Discussion**

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion for reconsideration does not present a vehicle for any party to undo its own "procedural failures", and it "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. Of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

A "manifest error" is not demonstrated by the disappointment of the losing party – rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). The court will grant a motion to reconsider when it "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff argues that the Court erred in concluding that the Reinsurers are real parties in interest without directing Defendants to file a motion under Fed. R. Civ. Pro. 17, or otherwise considering the Reinsurer's affidavits ratifying the action under *Wadsworth v. U.S. Postal Serv.*, 511 F.2d 64 (7th Cir. 1975). Defendants argue that Plaintiff never raised these arguments prior to summary judgment and is now attempting to create an untimely procedural defense based upon an inapplicable procedural rule and inapplicable case law.

In moving for partial summary judgment, Defendants sought an order that Plaintiff is not entitled to recover damages for the amounts its reinsurers paid for the underlying settlement

amount (Doc. 41). In response, Plaintiff simply denied the relief requested by Defendants (Doc. 55). This Court's order specifically found:

> "The Court finds as a matter of law that Ansur is not entitled to recover as damages the amount its reinsurers paid for in settlement in the underlying case. This matter will proceed to trial on the underlying legal malpractice claim and Ansur's claims for its direct damages."

(Doc. 88).

Plaintiff now incorrectly asserts that the Court dismissed the reinsurers' damages. The Court merely limited the scope of what Plaintiff could recover with no reference to the rights of reinsurers – there is no indication in the Court's order that any action was dismissed "for failure to prosecute in the name of the real party in interest…" *See* Fed. R. Civ. Pro. 17(a)(3).

The Court notes that both Plaintiff and Defendants now raise legal issues regarding joinder of the reinsurers as real parties in interest for the first time. These legal issues and arguments were not presented to the Court by either party during the pendency of the motion for partial summary judgment. *See Weissman v. Weener*, 12 F.3d 84, 85-86 (7th Cir. 1993), acknowledging *Hartmann v. Prudential Ins. Co.*, 9 F.3d 1207, 1214 (7th Cir. 1993) (judges should be hesitant to wander too far astray – in their search for the correct legal result – from the arguments presented to them by the parties – our system is not geared to having judges take over the function of lawyers even when the result would be to rescue clients from their lawyers' mistakes). As such, they cannot form the basis for reconsideration. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 102) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 31, 2024**

**STACI M. YANDLE**
**United States District Judge**