IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANSUR AMERICA INSURANCE COMPANY,  )<br>  )<br>  Plaintiff,  )<br>  )  Case No. 21-cv-59-SMY<br>vs.  )<br>  )<br>JAMES A. BORLAND and QUINN, )<br>JOHNSTON, HENDERSON & )<br>PRETORIOUS, CHTD., )<br>  )<br>  Defendants.  ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ansur America Insurance Company ("Ansur") filed this lawsuit alleging legal malpractice against Defendants related to an underlying shower stool product liability case from St. Clair County, Illinois. Now before the Court is Plaintiff's Motion to Exclude Defendants' Experts pursuant to Federal Rule of Civil Procedure 37 (Doc. 145) and reply in support (Doc. 157). Defendants oppose the motion (Doc. 154). For the following reasons the motion is **GRANTED in part and DENIED in part.**

### Background

The initial Scheduling Order and Joint Report of Parties was approved on April 6, 2021, which included an expert witness disclosure schedule (Doc. 32). On December 14, 2021, the parties filed their first joint motion to amend or extend the scheduling order and discovery deadlines (Doc. 63). The motion included extensions of the expert disclosure deadlines. That motion was granted (Doc. 65).

The parties filed second and third joint motions to amend or extend the scheduling order and discovery deadlines, including expert witness related deadlines, on April 18, 2022 and January 1, 2023, respectively (Docs. 82, 93). Those motions were also granted (Docs. 89, 94).

A fourth joint motion to amend or extend the scheduling order and discovery deadlines, including expert witness related deadlines, was filed on April 12, 2023 (Doc. 107) and was also granted (Doc. 110). Under this amended scheduling order, Ansur was to disclose its expert witnesses on or before June 5, 2023 and deposed by June 26, 2023. Ansur did not meet either deadline.

The parties filed a fifth joint motion to amend or extend the scheduling order and discovery deadlines on September 19, 2023 (Doc. 135). The motion included a proposed extension of Defendants' expert disclosures until October 30, 2023, with depositions of those experts to be taken by November 17, 2023. The motion was granted in part, modifying the proposed discovery deadline to October 23, 2023, and the dispositive motion deadline to November 7, 2023 (Doc. 136). Defendants disclosed three experts on October 17, 2023, and one additional expert on October 23, 2023. Neither party sought an additional extension of the scheduling order deadlines. Ansur filed the instant motion on November 10, 2023.

Ansur originally sought to exclude and bar the opinions, reports and testimony of Defendants' expert witnesses claiming it was prejudiced in not being able to depose them within the discovery period. Defendants' four expert witnesses were subsequently deposed in December 2023 (Doc. 154), and the deadline for Ansur to respond to Defendants' motion for summary judgment was ultimately extended to February 1, 2024 (Doc. 167). Ansur now requests that Defendants' expert witnesses be excluded pursuant to Rule 37 (c)(1), or in the alternative, that it

be permitted to disclose expert rebuttal witnesses and file substantive *Daubert* motions as to Defendants' experts (Doc. 157).

## Discussion

Federal Rule of Civil Procedure 26(a)(2) requires parties to timely disclose expert witnesses in accordance with any deadlines or in the sequence set by the district court. Fed. R. Civ. Pro. 26(a)(2). Under *FRCP* 37(c)(1), a party that fails to provide information or identify a witness as required by Rule 26(a) is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or is harmless. Fed. R. Civ. Pro. 37(c)(1). In deciding whether non-compliance with Rule 26(a) is harmless, the Court considers: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and, (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

While the timing of Defendants' expert disclosures clearly prevented Ansur from deposing them by the discovery deadline, it was able to do so before it responded to Defendants' summary judgment motion. Thus, Ansur was not significantly prejudiced in that regard. That said, Ansur was unable to file substantive *Daubert* motions challenging Defendants' experts on or before the November 7, 2023 deadline. But given the current posture of this case, that prejudice can be cured. Therefore, consistent with this Court's preference to resolve litigation on the merits, **Ansur may file substantive *Daubert* motions related to Defendants' experts and supplement its response to pending motion for summary judgment (Doc. 142) within 30 days.**

In the absence of a court order, a rebuttal expert must be disclosed "within 30 days after the other party's disclosure" of its expert. Fed. R. Civ. Pro. 26(a)(2)(D)(ii). Ansur did not meet this deadline and did not seek leave or an extension of time to do so prior to filing the instant

motion. There is no justification for allowing it to do so at this late date. Therefore, that portion of its motion is denied.

**IT IS SO ORDERED.**

**DATED:  August 22, 2024**

**STACI M. YANDLE**
**United States District Judge**