IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANSUR AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-cv-59-SMY |
| vs. | ) ) |
| JAMES A. BORLAND and QUINN, JOHNSTON, HENDERSON & PRETORIOUS, CHTD., | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Ansur America Insurance Company ("Ansur") filed this lawsuit alleging legal malpractice related to a product liability case filed in St. Clair County, Illinois. Ansur claims Defendants failed to properly manage the defense of the underlying case, resulting in Ansur being forced to settle for an unsupported and unprecedented amount. Plaintiff's Motion to Exclude the Testimony and Reports of Joseph Bleyer and Daryl Douglas (Doc. 202) is now before the Court. Defendants responded in opposition to the motion (Doc. 205).

**Discussion**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. District courts have a "gatekeeping" obligation to ensure that expert testimony is both relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (2003). In that vein, the Court considers: (1) whether the expert is qualified; (2) whether the expert's methodology is reliable; and (3) whether the expert's testimony

1

will assist the trier of fact in understanding the evidence or determining a fact in issue. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). The party offering the expert testimony bears the burden of proof as to relevance and reliability. *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014) (citing *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009)).

The specific factors identified in *Daubert* do not necessarily or exclusively apply to all experts in all cases. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The inquiry is flexible and focuses on the principles and methodology of the expert opinions, not the conclusions that are generated. *Daubert*, 509 U.S. at 580. Moreover, "a *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012). "If the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."" *Id.* (quoting *Daubert*, 509 U.S. at 596).

**Plaintiff's Motion to Exclude the Testimony and Reports of Joseph Bleyer**

Defendants disclosed Joseph Bleyer as a legal malpractice expert. Bleyer is an attorney who has practiced law since 1986. He has never handled a legal malpractice case and has no particular knowledge, experience or training in the area of legal professional responsibility. While Bleyer has a great deal of legal experience, neither his report nor deposition testimony connect the dots between his generalized legal experience and the bases for his opinions and conclusions in the "often specialized and complex matters of professional responsibility", including the applicable standard of care. *Client Funding Solutions Corp. v. Crim*, 943 F. Supp. 2d 849 (N.D.

Ill. 2013); *see also Hall v. Flannery*, 840 F.3d 922, 930 (7th Cir. 2016); *Landeen v. PhoneBILLit, Inc.*, 519 F. Supp. 2d 844, 848 (S.D. Ind. 2007); *Webster Bank, N.A. v. Pierce & Associates, P.C.*, 2020 WL 616467 *3 (N.D. Ill. Feb 10, 2020) (citing *Rivera v. Guevara*, 2018 WL3093339 *17-18 (N.D. Ill. June 22, 2018)).

Moreover, the Court finds that Bleyer's conclusions and opinions do not meet the *Daubert* standards for reliability. While Bleyer lists thirteen opinions in his report, his first opinion accurately summarizes the remaining twelve:

> Based upon my experience and my review of the above transcripts and documents, I have formed the opinion, to a reasonable degree of professional certainty, that James Borland and Quinn, Johnston, Henderson & Pretorious Chtd. (collectively, 'Defendants') met the standard of care. Defendants did not breach their fiduciary duties required by Illinois attorneys in dealing with both Ansur and Signature.

When an expert's opinions are grounded solely on his experience, those opinions must be based on sufficient facts, data, and relevant standards, and must be the product of methodology that is generally accepted in the expert community. *See*, *Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir. 1999); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

Here, Bleyer fails to provide a sufficient basis and support for his opinions that the various defendants met the standard of care. Although given several opportunities to do so in his deposition, Bleyer failed to identify a measurable standard of care or the source of what he believes the standard of care is. Instead, his opinions are based solely upon his professional judgment, to be applied on a "case-by-case" basis. In other words, his methodology is nothing more than what he would have done under the circumstances presented. He does not cite to or attempt to apply the Rules of Professional Conduct or any other identifiable source for the applicable standard of care in his report or testimony.

In sum, Bleyer's unsupported opinions unreliable. His anticipated testimony will not assist a jury and are more than likely to lead to confusion and speculation. As such, Plaintiff's motion is granted as to Joseph Bleyer.

### Plaintiff's Motion to Exclude the Testimony and Reports of Daryl Douglas

Defendants disclosed Daryl Douglas as an insurance expert. Douglas is a licensed attorney who has had practiced in an insurance claims department and has had various roles in the insurance coverage and defense fields. While Douglas has a both legal and practical experience in the insurance claims industry, as Plaintiff correctly notes, "he simply opines that he would have acted differently, without offering any analysis of 'how his experience informs his conclusions' or sufficiently linking 'his expertise to his opinions' as *Daubert* requires." (Doc. 202, pp. 7-8, citing *Webster Bank*, 2020 WL 616467 *4.) And, as was true with respect to Defendants' tendered expert Joseph Bleyer, his opinions are unreliable and unsupported.

Douglas' opinion, that the conduct of Frankenmuth claims personnel breached the standard of care in the insurance industry, do not appear to be based on any generally accepted standards or recognized source in the insurance industry. He, like Bleyer, defaults to a "case-by-case" analysis instead of a measurable standard of care:

> …when asked what the standard of care *was*, he said "I think the standard of care depends upon the liability and exposure and circumstances and facts of each case." (Ex. 3 at 37:1-11.) … he opined only what in *this* case he believed Hebert and Troester should have done. (*Id.* at 37:12-38:7.)
>
> When asked, repeatedly, how he would define a "high exposure" case that would necessitate additional attention from claims managers, he finally said, "there are number of things that create exposure to the insurance company that could result in a future payout, and they are going to be different in each case." (*Id.* at 46:15-48:8.) … he simply opined that *in this case*, the claims managers should have been paying more attention, primarily because attorney Tom Keefe was the opposing counsel. (*Id.* at 48:9-21.)

(Doc. 202, pp. 8-9)

At bottom, Defendants have failed to meet their burden of demonstrating that Douglas' proposed testimony is the product of reliable principles and methods. Therefore, the Court finds that his testimony will not assist the jury in understanding the evidence or determining a fact in issue in this case. Plaintiff's motion is also granted as to Daryl Douglas.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Exclude the Testimony and Reports of Joseph Bleyer and Daryl Douglas (Doc. 202) is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  February 23, 2025**

**STACI M. YANDLE**
**United States District Judge**