IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANSUR AMERICA INSURANCE COMPANY**, | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| vs. | )    Case No. 21-cv-59-SMY <br> ) |
| **JAMES A. BORLAND and QUINN, JOHNSTON, HENDERSON & PRETORIOUS CHTD.,** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Ansur America Insurance Company (Doc. 211) and Defendants James A. Borland and Quinn, Johnston, Henderson & Pretorious Chtd. (Doc. 210).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v.*

*Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons more fully explained on the record during the final pretrial conference on February 26, 2025, the Court rules as follows.

### Plaintiff's Motions *in Limine*

1. Plaintiff moves to bar the testimony of Defendants' experts Joseph Bleyer and Daryl Douglas based on a lack of any objective criteria. The motion is **GRANTED** consistent with the Court's ruling on Plaintiff's Daubert motion to exclude the testimony and opinions of Joseph Bleyer and Daryl Douglas (Doc. 218).

2. Plaintiff moves to bar the entry of or reference to unproduced materials. The motion is **GRANTED** with an exception for impeachment purposes.

3. Plaintiff moves to bar any reference to the underlying damages covered by Ansur's Reinsurers. The motion is **DENIED**. The Court will not enter a preemptive order barring any evidence with respect to the underlying damages covered by Ansur's Reinsurers because while Ansur cannot seek to recover the amounts paid by their Reinsurers, there may be some reference to those amounts in seeking damages for Ansur's increased premiums. A limiting instruction will be given if deemed appropriate.

4. Plaintiff moves to bar argument and evidence suggesting that Defendants would be unable to pay a judgment against them. The motion is **GRANTED**.

### Defendants' Motions *in Limine*

1. Defendants move to exclude non-party witnesses. The motion is **GRANTED** without objection.

2. Defendants move to bar any reference of inference as to Defendants having liability insurance. The motion is **GRANTED** without objection.

3. Defendants move to bar any reference to settlement discussions in the present lawsuit. The motion is **GRANTED** without objection.

4. Defendants move to bar any reference to motions *in limine*. The motion is **GRANTED** without objection.

5. Defendants move to bar reference to other lawsuits or claims against Defendants. The motion is **GRANTED** without objection.

6. Defendants move to bar the introduction of literature as substantive evidence. The motion is **GRANTED** to the extent any legal treatises, articles or other legal materials may not be admitted as substantive evidence. However, they can be used for the limited purpose of impeachment.

7. Defendants move to bar expert opinions that have not been disclosed. The motion is **GRANTED**.

8. Defendants move to bar personal practice opinions. The motion is **GRANTED** to the extent that the non-expert attorney witnesses cannot give opinions or testimony about the applicable standard of care, any alleged breach of that standard of care, or what they would have done as it relates to the claims and defenses in this case. The witnesses may testify about what happened or what they did but not about what they would have done or what they would have done different.

9. Defendants move to bar questioning of witnesses about the adequacy of certain legal work when no Plaintiff's expert opined that the work deviated from the standard of care. The motion is **DENIED**.

10. Defendants move to bar reference to collateral sources. The motion is **DENIED**.

11. Defendants move to bar testimony contrary to Illinois law. The motion is **DENIED**.

12. Defendants move to bar documents not produced in discovery as substantive or impeachment evidence. The motion is **DENIED** with respect to impeachment evidence.

13. Defendants move to bar evidence relating to sanctions. The motion is **GRANTED**. The fact that a motion for sanctions was filed in the underlying lawsuit is irrelevant and inadmissible. However, evidence regarding the conduct of the defendants that was the subject of the motion for sanctions may be relevant and admissible if the proper foundation is laid.

14. Defendants move to bar evidence relating to certain allegations contained in Counts VII and VIII of the third amended complaint in the underlying case about Defendants' alleged conduct. The motion is **DENIED**. The Court will not make a preemptive blanket ruling.

15. Defendants move to bar testimony related to conflicts of interest and punitive damages. The motion is **DENIED**. Questions of law are not to be raised in a motion *in limine*. Moreover, to the extent the defendants seek to raise a choice of law issue for the first time on the eve of trial, those arguments are deemed waived.

**IT IS SO ORDERED.**

**DATED:  February 26, 2025**

**STACI M. YANDLE**
**United States District Judge**